17  475
66  365
17  475
68  150
17  475
69  649
17  475
75  696

## CHIDSEY *against* THE TOWN OF CANTON.

A town, whose duty it is to maintain and keep in repair a certain bridge and the railing thereto, within its limits, is not liable for the *consequential* damages— such as the loss of service, expense of nursing, &c.—resulting to a person from injuries to his wife and daughter, by reason of defects in such bridge and railing.

THIS was an action on the case, in two counts. In the first, the plaintiff alleged, that on the 8th of *July* 1842, a certain bridge in the town of *Canton,* over a part of the *Farmington* river, which bridge it was the duty of said town to make and keep in good and sufficient repair, was out of repair, defective and insufficient ; that although it was the duty of said town to have erected and maintained a good and sufficient railing on the sides of said bridge, which was so raised above the adjoining ground as to endanger the safety of travellers, yet said town had wholly neglected their duty in that respect, and had not erected and maintained such railing on said bridge, and said bridge had no sufficient railing on the sides of it, and was not well covered with plank, but was full of holes, and dangerous to pass, contrary to the statute in such case provi-

HAYWARD LAW LIBRARY

*Hartford,*
*June, 1846.*

Chidsey
*v.*
Canton.

ded ; all which was then well known to said town, and to the select-men thereof; that on said 8th day of *July* 1842, *Cordelia Chidsey*, then a minor under the age of twenty-one years, and the servant and daughter of the plaintiff, was passing along said road and over said bridge, in a wagon drawn by one horse, when, by reason of the deficiency of said bridge, and for want of a sufficient railing on the sides thereof, said horse, in attempting to pass over the holes in said bridge, run back, and said wagon run off the side of said bridge, and said *Cordelia* was thrown upon the earth, stones, timber and rubbish below, whereby she was greatly injured, bruised and wounded, in the spine and other parts of the body ; by means whereof she was confined to her bed, for a great length of time, her health destroyed, and she rendered unable to perform the necessary affairs and business of the plaintiff, *viz.* from the time of said injury until the 4th of *October* 1843, when she became of the age of twenty-one years ; and that thereby the plaintiff, during all that time, lost and was deprived of the services of his said daughter and servant ; and that also, by means of the premises, the plaintiff was obliged to pay, and did necessarily lay out and expend, divers sums of money, *viz.* 300 dollars, in and about the nursing and taking care of his said daughter and servant, and was obliged, at great cost, and with great care, labour and anxiety, to watch with her, by night and by day, to his great damage.

The second count was for a like injury to *Mary Chidsey*, the wife of the plaintiff, occasioned at the same time, and in the same manner, whereby the plaintiff was deprived of the comfort, fellowship and assistance of his said wife, in his domestic affairs, which he ought to have had, and otherwise might and would have had ; and also, by means of the premises, the plaintiff was obliged to pay, and did necessarily lay out and expend, divers sums of money, *viz.* 100 dollars, in and about the nursing and taking care of his said wife, to his great damage.

To this declaration there was a general demurrer ; and the case was thereupon reserved for the advice of this court.

*Hungerford* and *Ellsworth*, in support of the demurrer, contended, 1. That towns in this state, which are *quasi* corporations, created by the legislature for purposes of public policy,

*Hartford*,
June, 1846.

Chidsey
*v.*
Canton.

are not liable, by the common law, to an action in favour of an individual, for an injury sustained by him in consequence of a neglect of duty on the part of such towns, in keeping the highways and bridges within their limits in repair. *Russell* v. *The Men of Devon*, 2 *Term R.* 667. *Riddle* v. *Proprietors of Locks and Canals on Merrimack River*, 7 *Mass. R.* 187. *Mower* v. *Leicester*, 9 *Mass. R.* 247. 250. *Reed* v. *Belfast*, 20 *Maine R.* 246. Towns are fluctuating bodies, not only with respect to the inhabitants within the same boundaries, but with respect to the boundaries themselves, which are frequently changed.

2. That although our statute has made it the duty of the towns to keep certain highways and bridges within their limits in repair ; and has subjected them to the payment of just damages for an injury to the person or property of an individual occasioned by defects in such highways and bridges ; yet the injury for which redress is thus provided, is a *direct* injury to the person or property, and not a merely *consequential* injury, such as the plaintiff has stated in his declaration. *Stat.* 337. *tit.* 49. *c.* 1. *s.* 1. 4. 5. 6. (ed. 1838.) For the direct injury to the persons mentioned in the declaration, actions have already been brought, and recoveries had. This is all that the statute authorizes. *Bartlett* v. *Crozier*, in err. 17 *Johns. R.* 439.

*T. C. Perkins* and *Pardee*, contra, contended, 1. That the defendants were liable even upon principles of the common law. The plaintiff has sustained special damages, by the unlawful neglect and breach of duty of the defendants ; and these damages are set forth with sufficient particularity. 1 *Sw. Dig.* 661. A violation of duty, though by mere negligence, by which another is injured, gives a right of action ; and the remedy shall be commensurate to the injury sustained. *Linsley* v. *Bushnell*, 15 *Conn. R.* 225. 238, 9. *New-Haven Steamboat and Transportation Company* v. *Vanderbilt*, 16 *Conn. R.* 420. 430. *White* v. *Moseley*, 8 *Pick.* 356. 358.

2. That the 6th section of the statute relating to highways and bridges, sustains this action. It is given to the person suffering any damage *in his person or property*, by reason of the defect specified. Has not the plaintiff suffered damage in his property, by the loss of his daughter's services, and of his

HARVARD LAW LIBRARY

*Hartford,*
*June, 1846.*

*Chidsey*
*v.*
*Canton.*

wife's assistance in his domestic affairs, and especially, by the disbursement of large sums of money for nursing, &c.?　See the authorities above cited. The design of the statute evidently was, to provide a full indemnity for the injury sustained.

WAITE, J. The question involved in this case is, whether the defendants are liable for the consequential damages, resulting to the plaintiff, from injuries received by his wife and daughter, by reason of defects in a bridge and the railing to it, which the defendants were bound to maintain and keep in repair.

The legislature have thought proper to impose upon the several towns in this state, the burden of supporting the bridges and highways within their respective limits. The inhabitants of these towns derive no especial benefit from them, other than what is common to the citizens at large. Such accommodations for public travel are necessarily required in every civilized community, and generally must be provided at the public expense.

The mode adopted for defraying such expense in this state, is perhaps as convenient and equitable as any. At any rate, the legislature, in its wisdom, has thought proper to give that mode the preference.

The obligation resting upon towns in relation to the support of highways and bridges, is not imposed by the common law, but is wholly a creature of the statute. It has been so considered, by the supreme court of *Massachusetts* and *Maine.* *Mower* v. *Inhabitants of Leicester,* 9 *Mass. R.* 247. *Reed* v. *Inhabitants of Belfast,* 20 *Maine R.* 246. In *England,* bridges, by statute, are generally supported by counties, and highways repaired by the occupiers of lands in the parish where situated. *Burn's Justice,* 164.

In order, therefore, to ascertain the extent of the duties and liabilities of towns, in relation to this subject, we must look to our statute. The first section makes it their duty to build and keep in repair the necessary roads and bridges within their respective limits, unless it may belong to some particular person or corporation to maintain them "in any particular case."

The fourth section provides, that "if any person shall lose a limb, break a bone, or receive any bruise or bodily injury,

through or by means of any such defective bridge or road," he may recover of the town " just damages."

The next section goes on to provide, that " if any horse, or other beast, or cart, carriage or other property, shall receive any injury or damage, through or by means of any defective road or bridge," the town " shall pay the owner of such beast or property, just damages."

The statute contemplates but two species of injuries for which towns are made liable—injuries to the *person*, and injuries to *property*. Has the plaintiff, according to the statement in his declaration, sustained an injury in either mode ? That he has been injured in his *person*, is not claimed.

But it is said, that he has sustained an injury in his *property*, by reason of the loss of the services of his wife and daughter, and the expenses incurred in their sickness. This is undoubtedly so. But is that the species of property of which the statute speaks ? It enumerates particular articles of personal property,—a horse, or other beast, a cart, carriage, and then adds the words, *or other property.* By these we are to understand property of the kind enumerated.

Had the legislature intended to make towns liable for *consequential*, as well as *direct* injuries, we think language more appropriate and explicit, would have been used. Besides, the town is to pay damages to the *owner* of *such beast* or *other property*—a form of expression very proper, when used in connexion with the kind of property enumerated,—but inappropriate, when applied to that species of property referred to in the argument of the plaintiff's counsel.

We readily admit, that if the common law had made the defendants liable for injuries sustained in consequence of their defective bridges, or had the statute, in general terms, made them so liable, the plaintiff might recover. But as they are liable only to the extent prescribed by the statute, the plaintiff cannot recover, unless he brings his case within the provisions of the act.

The redress provided by the statute may have been considered by the legislature adequate, especially as against a party not particularly benefited by the bridge. The wife and daughter might each have sustained her action for the injuries received. And if the plaintiff's personal property, his horse or his carriage, has been injured, he may also sue. But to all

HARVARD LAW LIBRARY

*Hartford,*
*June, 1846.*

Chidsey
*v.*
Canton.

these actions, we do not think the legislature either have added, or intended to add, another for consequential damages.

A statute of the state of *Maine,* very similar in its language to ours, has recently received a like construction, by the supreme court of that state. They say, " if the legislature had contemplated extending the remedy to a person, for an injury to his servants, would it not have been natural that they should so have expressed themselves ?  Not having done so, can we fairly infer, that such injuries were embraced in the words *other property?*"  *Reed* v. *Belfast,* 20 *Maine R.* 246.

It is further claimed, that if the plaintiff has not brought his case within the provisions of the sections already cited, there is still another, more comprehensive in its terms, relating to the railings of bridges ; and that he complains of injuries occasioned as well by the railing, as of the bridge itself.

The sixth section of the act makes it the duty of towns to maintain a sufficient railing on the sides of bridges, which they are required to keep in repair ; and that " if any person shall suffer any damage in his *person* or *property,* by reason of any defect in such railing, such town shall pay to him who shall suffer, just damages.

It is true, there is not, in this clause, as in the preceding, any words used in connexion with the word *property,* calculated to limit its operation to any particular species.  But it immediately follows one in which the operation of the term is limited, and must be considered as having the same construction.  It would be very strange, if the legislature had intended to make towns liable for injuries occasioned by defects in the railing of a bridge, when they would not be liable for like injuries, resulting from defects in the bridge itself. By the expression " damage in his person or property," must be understood such damages as are specified in the preceding parts of the statute relating to like injuries.

Our opinion, therefore, is, that the plaintiff is not entitled to recover for the injuries of which he complains in his declaration, either by virtue of the common law, or any statute of this state.

In this opinion the other judges concurred.

Declaration insufficient.