### ALDEN H. WHITCOMB v. TOWN OF BARRE.

*Husband and Wife.    Pleading.    Highways.*

n this state, a husband, by a suit in his own name alone, may recover of a town for loss of service and expense resulting from an injury to his wife caused by a defect in the highway.

ACTION ON THE CASE to recover damages for an injury to the plaintiff, his horse, wagon and harness, and for an expenditure of time and money for the care, nursing and doctoring of the plaintiff's wife for an injury and sickness, occasioned by the insufficiency and want of repair of a highway in the town of Barre, and also for the loss of her services and society.

Whitcomb *v.* Barre.

Plea, the general issue. Trial by jury at the September Term, 1863, KELLOGG, J., presiding.

On trial, the plaintiff offered evidence tending to show a large expenditure of time and money for the care, nursing and doctoring of his wife, and the loss of her society and services, as alleged in the declaration,—to which the defendant objected, but the objections of the defendant were over-ruled, and the evidence was received. Verdict for the plaintiff. To the decision of the court over-ruling the said objections and allowing the said evidence to be received, the defendant excepted.

*E. E. French,* for the defendant.

I. The liability of the town, being created solely by statute, cannot be extended beyond the statute measure thereof; and the rule of common law that the husband alone can sue for expense of cure and loss of services of the wife does not apply. Angel on Highways, 268, and cases cited; *Chisday* v. *Conton,* 17 Conn. 475; *Tisdale* v. *Norton,* 8 Met. 388; *Howard* v. *Lowell,* 4 Cush. 310; *Kelsey* v. *Glover,* 15 Vt. 708; *Sanford* v. *Augusta,* 32 Maine, 536; *Loker* v. *Brookline,* 13 Pick. 343; *Mower* v. *Leicester,* 9 Mass. 247.

II. Time and money expended for care, nursing and doctoring, and loss of society and services of the wife, are not such special damages to the husband's person, team, carriage, or other material objects which can be denominated property within the meaning of the statute. If the person injured is a party to the suit, then these items of damage may be recovered, being incident to the physical injury, but the husband alone cannot recover for them. Angel on Highways, 269; *Reed* v. *Belfast,* 20 Maine, 246; *Bradley* v. *Southborough,* 6 Cush. 141; Hilliard on Torts, 586; *Weeks* v. *Shedley,* 33 Maine, 271.

*Heaton & Reed,* for the plaintiff.

BARRETT, J. This is an action on the case under the statute, declaring for an injury to the plaintiff's horse, harness and wagon, and for expense and loss of service resulting from an injury to the wife on the same occasion, caused by a defect in the highway over which the plaintiff with his team, and in company with his wife, was riding.

Exception was taken to the admission of evidence tending to show such expense and loss of service resulting from said injury to the

plaintiff's wife, and upon this the case is before this court for revision.

It is conceded by counsel for the defendant, that, in a suit brought in the name of the husband and wife for injuries to herself, the town would be liable for the expense and loss of service to which the husband has been subjected on account of such injury, and that the same might be recovered for in such action. So the point is not that the town is not liable at all in this respect, but that the plaintiff is not entitled to recover for them in an action brought in his own name alone; and cases decided by the courts of Maine, Massachusetts and Connecticut are cited and relied on to support this point. We have carefully examined and considered those cases, and are unable to adopt them, as controlling the law in this state on this subject, or as satisfying us that the law should be so held by this court.

Our statute imposing liability upon towns for damage caused by defects in highways has been in existence since 1797, without variation, except in the revision of 1839 the words "or other property" were added. These words can hardly be regarded as affecting such liability, either by enlargement or diminution.

In the case of *Bailey* v. *The Town of Fairfield*, Bray. 126, the question was directly presented whether under this statute, a father could recover in his own name for loss of service and expense of cure of his minor daughter, who was injured by reason of defect in a highway. The case seems to have been fully argued by counsel, and considered by the court; and it was held that such action was sustainable,—the court saying that the words "special damage" must mean other than "direct bodily injuries,"—that to make sense of the section taken together, and to carry into effect the obvious design of the law, every special damage must be included which is known to the law as an "*actionable* injury." That case has been regarded as settling the question, so that, so far as the present members of the court know, the point has not since been brought before the court till the present case. We think the settled understanding of the profession, and the uniform course of practice has been conformable to this view, and that the legislature, in the various revisions, have acted upon the same understanding.

It is known to be quite common, in cases of injury to the wife, for

the husband to bring two suits, one in which his wife is joined as plaintiff for the personal injury to herself, and one in the name of the husband alone for the loss of service and expense of cure of the wife.

In view, therefore, of the adjudication in *Bailey* v. *Fairfield*, and the judicial and legislative history of the subject since that time in this state, we are bound to regard the construction of the statute, and the rights of action under it, as firmly established.

And this by no means, in our view, trenches upon the principle, held not only in other states, but in this also, that the liability of the town for such injuries is created by the statute, and cannot be asserted beyond the provision by statute in that respect.

It will be seen that the statutes of the states from which cases have been cited differ from ours in phraseology, and well warrant the construction given to them by the courts of those states; while the terms used in our statute equally well warrant the construction given to it by our court.

The present statute of Massachusetts uses language which, in itself, might well be held to have a force and effect as extensive as our own. But in *Harwood* v. *City of Lowell*, 4 Cush. 310, SHAW, Ch. J., traces the course of legislation on this subject, and comes to the conclusion that the present statute of that state was intended by the legislature to be but a re-enactment of the provision of 1786, which was, " If any person shall lose a limb, break a bone, or sustain any other injury in his person, or in his horse, team, or other property," &c.

Ch. J. SHAW says, " Were this (the present statute) a new act of legislation, expressed in the same terms, we should regard it as more equivocal; but it is not a new provision; it is the revision of preceding enactments." * * " The legislature well understood that the prior law gave damages only for direct injury to the person, and direct injury to personal property, and intended to re-enact the same rule in the present terms."

His comments on the cases cited from Maine and Connecticut present, in a clear light, what is quite obvious upon consideration, that those cases, as well as the case he was deciding, stood upon the force of the terms used by the respective statutes.

---

---

A single additional remark may be justifiable. Some of the cases cited by the defendant's counsel show, and counsel concedes, as before said, that the town may be held liable for just these consequential damages, in a suit brought in the name of the husband and wife. It strikes us that this involves two palpable incongruities,—one, that while it is held that, by the terms of the statute, the town is not liable for incidental and resulting damages by loss of service, and by expense of cure, in case of injury to the wife or minor child of the man, still such damages may be recovered in a suit in the name of the husband and wife, or by the minor suing by his next friend;—the other, that damages which affect the *man alone* who loses the service, or pays the expense, should be recoverable in a suit in which persons who have no interest in them are made parties plaintiffs.

Upon the construction given to our statute and the practice under it, both these incongruities are avoided, and the reasonable rules of the common law, as to proper parties to actions, are allowed to have their legitimate application, and at the same time our statute is invested with no wider scope in visiting liability on towns, than are the statutes of the other states by a mere shift in violation of established rules of pleading.

The judgment is affirmed.