MARGARET ENSIGN, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF LIVINGSTON COUNTY, APPELLANT.

*County — not liable for injury resulting from its failure to properly maintain a bridge — Section 9 of chapter 388 of 1837.*

A statute relating to the erection of a bridge over a river crossed by a public highway provided as follows: "The said bridge shall thereupon become a public bridge and may be maintained at the expense of the county of Livingston."

*Held,* that the county was not liable in damages to one sustaining injury in consequence of defects in such bridge, arising from the neglect of the county to properly maintain it.

The distinction between the liability of a municipal corporation and that of a county or town* under such circumstances, considered.

---

* See chapter 700 of Laws of 1881.

APPEAL by the defendant from a judgment, entered on a verdict rendered at the Livingston Circuit, and also from an order denying a motion for a new trial made on the minutes of the justice before whom the action was tried.

*Charles J. Bissell,* for the appellant.

*James Wood,* for the respondent.

SMITH, J. :

The action was brought to recover damages sustained by the plaintiff in consequence of defects in a certain bridge across the Genesee river, which, as she alleges, the county of Livingston was bound to repair. The principal question is whether the action will lie against the county. The river in its course between the towns of Geneseo and Leicester, is crossed by a highway leading from the village of Cuylerville, and at that point the bridge in question is located. In 1837, the legislature passed an act incorporating the Leicester Bridge Company for the purpose of building a toll bridge across the Genesee river at or near the point above indicated. (Laws 1837, chap. 388.) By the ninth section of the act it was provided that in case the bridge should be destroyed and not rebuilt as therein specified, the corporation should be dissolved, and (in the words of the act), " the said bridge shall thereupon become a public bridge, and may be maintained at the expense of the county of Livingston." The liability of the county to maintain the bridge, under that provision, was adjudged by this court in the case of *Phelps* v. *Hawley and others., Comrs. of Highways, etc.* (3 Lans., 160), and the decision was affirmed by the Court of Appeals (52 N. Y., 23). The question is whether the imposition of that duty upon the county by statute, gives a right of action against the county to any person sustaining injury by reason of a neglect of the duty.

The plaintiff's counsel asserts the broad proposition that when a duty is imposed by law upon a public body or officer, an action will lie for a neglect to perform that duty in favor of a party injured by reason of such negligence. The cases cited by him were actions against municipal corporations for negligence in respect to some ministerial duty imposed upon them by the terms of their charter

or assumed by them under its provisions. There is a distinction, in this respect, between municipal corporations created by charter and vested by the government with a portion of its sovereign power for their peculiar benefit, and counties and towns which, like assembly and senatorial districts, are mere political divisions organized for the convenient exercise of portions of the political power of the State. In the former class of cases, the surrender by the government of a portion of its sovereign power to the municipality, if accepted by the latter, has been regarded as affording a consideration for an implied undertaking, on the part of the corporation, to perform the duties imposed by the charter, a neglect of which will render the corporation liable, not only to a public prosecution by indictment, but to a private action at the suit of any person injured by such neglect. (*Weet* v. *The Trustees of the Village of Brockport*, 16 N. Y., 161; *Conrad* v. *The Trustees of the Village of Ithaca*, Id., 158; *McCarthy* v. *The City of Syracuse*, 46 id., 194, *per* RAPALLO, J., p. 197.) The case of *Conrad* (*supra*) is one of those cited by the plaintiff's counsel, and all the cases cited by him may be sustained upon the principle above stated. But we have not been referred to a case, and we are not aware of one, in which an action of this kind has been maintained against a county or town, unless the right of action was expressly given by statute. The fact that there is no precedent for the suit is strong evidence that no right of action exists. The case of *Morey* v. *The Town of Newfane* (8 Barb., 645), we regard as an authority adverse to the plaintiff. The well-reasoned opinion of Mr. Justice SAMUEL L. SELDEN in that case, has been referred to with approval by the Court of Appeals. (*The People ex rel. Van Keuren* v. *Town Auditors*, 74 N. Y., 316.) In several of the New England States the care of roads and bridges is vested in the several towns and the statutes expressly give an action against a town for neglect to repair, but the courts in those States hold that no action lies except by force of the statute giving it. (*Bigelow* v. *Inhabitants of Randolph*, 14 Gray, 541; *Chidsey* v. *Town of Canton*, 17 Conn., 475; *Reed* v. *Inhabitants of Belfast*, 20 Maine, 246; *Eastman* v. *Town of Meredith*, 36 N. H., 284.) Numerous cases to the same effect are to be found in the reports of other States, to which it is unnecessary to refer.

We are of the opinion that the county is not liable to a civil

action, and that conclusion obviates the necessity of examining the other questions raised by the appellant's counsel.

The judgment and order should be reversed.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.