CARLO LARISA *vs.* EBENEZER TIFFANY, Town Treasurer.

MARCH 12, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

*(1)  Bill of Exceptions.  Transcript of Evidence.  New Trial.*

An exception to a refusal to grant a new trial cannot be considered, in the absence of a complete transcript of the evidence presented at the trial.

*(2)  Husband and Wife.  Municipal Corporations.  Highways.  Actions.*

An action properly lies in favor of a husband against a town to recover damages which he has suffered in consequence of personal injuries sustained by his wife through the negligence of the town in failing to keep its highway safe and convenient for travel.

*(3)  Damage to "Property."  Husband and Wife.  Loss of Service.  Munici-*
*pal Corporations.*

Gen. Laws, 1909, cap. 46, § 15, "If any person shall receive or suffer bodily injury or damage to *his property* by reason of defect, want of repair or insufficient railing, in or upon a public highway . . . in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers . . . he may recover of such town the amount of damages sustained thereby . . . " confers the right of action for damages to every species of property, including the loss by the husband of the services of his wife and also his expenses for the care of his wife occasioned by her injuries.

*(4)  Words and Phrases.  "Property."*

The word "property" used without limitation is one of broad meaning. The exclusive right to a thing constitutes property in that thing, and the thing may be tangible or intangible.

TRESPASS ON THE CASE against a town under the statute. Heard on exceptions of defendant and overruled.

SWEETLAND, J.    This is an action of trespass on the case brought against the town treasurer of the town of Barrington to recover damages for the plaintiff's loss of the services of his wife and to recover the expenses incurred by the plaintiff for medical attendance furnished his wife, all in consequence of personal injuries alleged to have been received by her through the neglect of said town in permitting a certain defect to remain in one of the highways, which said town was bound to keep safe and convenient for travelers.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff. The case is before us upon exception to the decision of a justice of the Superior Court overruling the defendant's demurrer to the amended declaration and upon exceptions to a ruling of the justice presiding at the jury trial admitting certain testimony and to the decision of the last named justice denying the defendant's motion for a new trial. ·

(1)     The defendant's exception to the refusal of said justice to grant him a new trial is not properly before us as the defendant has failed to bring to this court a complete transscript of the evidence presented at the trial without which we are unable to pass upon said exception. We understand, however, from the argument of counsel that the only question involved in this exception is that which is presented in the other exceptions.

The defendants demurred to the amended declaration on the ground that in this State a husband cannot recover against a town for damages which he has suffered in consequence of personal injuries sustained by his wife through the negligence of such town in failing to keep its highway
(2)  safe and convenient for travel. This demurrer was overruled and the defendant excepted. At the trial before the jury the defendant excepted to the ruling of the justice presiding admitting the testimony of the plaintiff as to the amount of his damages occasioned by the loss of his wife's services while she was incapacitated as a result of said personal injuries. Thus the sole question presented by the defendant's bill of exceptions is as to the right of a husband in this State to maintain an action against a town for the cause alleged in the amended declaration and set forth above.

Chapter 46, Sec. 15, Gen. Laws, 1909, is as follows: Sec. 15. If any person shall receive or suffer bodily injury or damage to his property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient

for travelers with their teams, carts and carriages, which injury or damage might have been prevented by reasonable care and diligence on the part of such town, he may recover, in the manner hereinafter provided, of such town the amount of damages sustained thereby, if such town had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part." The plaintiff bases his right of action upon the provisions of this section and claims that the loss of his wife's services and the injury to his personal estate through his expenditures for her medical attendance and care should properly be considered as "damage to his property" within the meaning of the language of said section. It is the contention of the defendant that under said section the damage to property for which recovery is permitted is restricted to damage to tangible personal property. The defendant urges this contention upon the authority of certain decisions of the courts of Connecticut and Massachusetts in which said courts have construed the statutory provisions of their respective states prescribing the liability of a town for injuries arising from the neglect of such town to keep its highways safe and convenient for travel.

In an examination of the decided cases we are met by the directly opposed views which obtain in this country upon the subject of municipal liability for neglect in the maintenance of highways, which by legislative authority have been placed under the control of such municipalities. The first of these views, which has been called the New England doctrine, is that as to quasi municipal corporations and as to chartered municipalities, the duty to keep the highways within their respective territorial limits safe for travel is one imposed upon the municipality by the legislature for the public benefit; that the breach of that duty will not give a right of private action to one specially damaged thereby in the absence of statute conferring such right; and that when the right of private action is given by statute it is not to be extended in favor of those who do not come clearly within

the statutory provisions. This view has been very exhaustively considered in *Hill* v. *Boston*, 122 Mass. 344, and has been generally adopted by the courts of the other New England States and in a very few jurisdictions outside New England. So far as our reported cases indicate this court has not been called upon to determine that specific question; because from before the time of the publication of the first volume of Rhode Island Reports there has been upon our statute books liberal provision for private action against a town in favor of one who has suffered bodily injury or damage to his property by reason of defects or want of repair in a public highway, which said town was obliged to keep safe and convenient for travel. However the so-called New England doctrine, as to the basis of the liability of municipalities in this regard, has been referred to without disapproval by this court. *Taylor* v. *Peckham*, 8 R. I. 349; *Blair* v. *Granger*, 24 R. I. 17. Opposed to the New England doctrine, in New York, Pennsylvania and in the other states outside of New England and the few jurisdictions to which we have alluded, the so-called doctrine of implied liability prevails; and it is held, especially in the case of incorporated cities and towns, that if such municipality is given the control of its street and highways with the means of keeping them in repair there is by reason of the nature of the duty imposed an implied liability on the part of such municipality toward those who are injured by the neglect to perform such duty. Elliott on Roads and Streets, Sec. 788, n. 3 and 6; Dillon on Municipal Corporations, Secs. 1710 to 1716.

By reason of the position taken as to the nature of municipal liability, in states where the doctrine of implied liability prevails, although there are numerous cases in the reports of those jurisdictions each of which deals with the suit of a husband brought to recover for the loss of the services of his wife arising from her personal injuries occasioned by defect in a highway, such cases have been before the courts of last resort upon other points. The right of a

husband to maintain such action has rarely been questioned, and if so such objection has been overruled as in *Borough of Nanticoke* v. *Warne*, 106 Penn. St. 373, in which the ·court said: "Whatever the law may be in other states, in Pennsylvania, townships and boroughs are bound to keep the roads and streets in repair, and are liable for injuries resulting solely from negligence in performing that duty. The liability is the consequence of the neglect of a statutory duty and the right of a person does not depend on the construction of a statute providing who may recover and for what, in case of injury from defect' in the highway." Among numerous cases in which is recognized the right of a husband to maintain his action for the cause in question are the following: *Kelley* v. *Mayberry Township*, 154 Pa. St. 440; *McDevitt* v. *St. Paul*, 66 Minn. 14; *Wyandotte* v. *Agan*, 37 Kas. 528; *Columbus* v. *Stranssner*, 138 Ind. 301; *Krisinger* v. *Creston*, 141 Iowa 154; *Lewis* v. *Atlanta*, 77 Ga. 756; *Dallas* v. *Moore*, 32 Tex. Civ. App. 230.

, The defendant contends that the provisions of Chapter 46, Section 15, Gen. Laws, 1909, giving an action, in the circumstances named in said section, to a person suffering "damage to his property" shall be so construed as to restrict such action to the recovery of damages to tangible personal property, and that a husband's loss of his wife's services does not constitute damage to the husband's property. In support of this position the defendant cites to us as authorities *Chidsey* v. *Canton*, 17 Conn. 475 and *Harwood* v. *Lowell*, 4 Cush. 310. To these cases the defendant might have added *Roberts* v. *Detroit*, 102 Mich. 64, for in the latter case the Supreme Court of Michigan reaches the same conclusion as do the courts of Massachusetts and Connecticut. An examination of these cases indicates that the decisions therein were not based upon any inherent obstacle to the husband's recovery because the wife's incapacity was occasioned by a defective highway, nor upon the determination that the loss of service is not a damage to a husband's property rights. In each case the Court's conclusion was

that, in accordance with the construction which it gave to the statute under consideration, this particular property right of a husband was not included in the term "property" for the damage to which an action had been provided. *Chidsey* v. *Canton,* 17 Conn. 475, was an action by a husband and father for loss of the services of his wife and minor daughter, and for his expenses for their nursing and care. The provisions of the Connecticut statute under consideration are quoted in the opinion and were as follows: "If any horse or other beast or cart, carriage or other property, shall receive any injury or damage through or by means of any defective road or bridge" the town "shall pay the owner of such beast or property just damages." Speaking of the plaintiff's claim the court says, "But it is said that he has sustained an injury in his *property* by reason of the loss of the services of his wife and daughter, and the expenses incurred in their sickness. This is undoubtedly so. But is that the species of property of which the statute speaks? It enumerates particular articles of personal property a horse or other beast, a cart, carriage, and then adds the words *or other property.* By these we are to understand property of the kind enumerated." It thus appears that the court does not question that the loss by the plaintiff of the services of his wife is an injury to his property but puts its determination squarely upon the ground that in accordance with the terms of the statute recovery can be had solely for injury to property of the kind enumerated. *Harwood* v. *Lowell,* 4 Cush. 310, was an action against the city of Lowell brought by a husband whose wife had been injured by reason of a defect in a highway of said city to recover for expenses incurred and for loss of his wife's services in consequence of such injury. The provision of the Massachusetts statute then in operation, provided: "If any person shall receive any injury in his person or property by reason of any defect or want of repair", etc., the person so injured may recover, etc. In considering this statute the court found that it was a revision of a former enactment

which provided "a remedy for any person who shall lose a limb, break a bone or receive any other injury in his person or in his horse, team or other property through any defect." The court determined judicially that the change of language did not indicate an intention on the part of the legislature to change the rule of law so as to include consequential damages; that the legislature well understood that the prior law gave damages only for direct injury to the person and direct injury to personal property and intended to reënact the same rule in the present terms. The court then decided the case upon the terms of the former statute, viz., that the right of recovery for injury to property was limited to a person who had received an injury "in his horse, team or other property," and applied the rule of construction *noscitur a sociis*, where several particulars are enumerated followed by a word more general, the provision is thus limited to things of like kind. The court held that the remedy was confined to loss or damage done to visible and tangible property such as animals, goods or chattels and could not be extended to damage to such species of property as a husband's right in his wife's services. In the course of its opinion the court said: "Were this a new act of legislature expressed in the same terms we should regard it as more equivocal." The case of *Roberts* v. *Detroit*, 102 Mich. 64, was the action of a husband based upon the loss of the services of his wife who was injured by falling upon a defective sidewalk. The court held that the husband could not recover. The Michigan statute under consideration provided that "If any horse or other animal or any cart, carriage or vehicle or other property shall receive any injury or damage by reason of neglect by any township, village, city or corporation, to keep in repair any public highway, . . . the township, village, city or corporation whose duty it is to keep such public highway . . . in repair shall be liable to and shall pay the owner thereof just damages." The court applied to this statute the same rule of construction which had been applied by the courts of

Connecticut and Massachusetts in the cases last above considered and said, "while this statute uses the word 'property' it is preceded by several words descriptive of particular kinds of property and the provision is limited to things of a like kind." The court distinguished the case before it from a Wisconsin case in which a husband had been permitted to recover for the same cause of action, on the ground that the Wisconsin statute is broader in its terms than the Michigan statute. The court in each of the three cases which we have just considered was controlled by the particular provisions of the statute under consideration and felt constrained to reach the conclusion expressed in the opinion because of the limitations which by construction they found said statute contained. These must be considered as persuasive authorities in such cases only as are brought under statutes which require a like construction. In *Hunt* v. *Winfield*, 36 Wis. 154, a husband was permitted to recover in an action based on the loss of his wife's services caused by her injury in consequence of an alleged defective highway. The provisions of the statute under which the action was brought are set forth in the opinion and are as follows: "If any damage shall happen to any person, his team, carriage, or other property, by reason of the insufficiency or want of repairs of any road in any town the person sustaining such damage shall have a right to sue for and recover the same against such town." In *Whitcomb* v. *Barre*, 37 Vt. 148, a judgment was sustained in an action by a husband for the cause now under consideration. The statute of Vermont then in force and under which the action was brought was as follows: "If any special damage shall happen to any person, his team, carriage, or other property, by means of the insufficiency or want of repairs of any highway or bridge in any town, which such town is liable to keep in repair, the person sustaining such damage shall have the right to recover the same in an action on the case." (Chapter 25, Section 41, General Statutes of Vermont Revision of 1863.)

The Rhode Island statute conferring the right of action against towns is broader in its provisions than either of the statutes which were before the courts respectively in the cases which we have considered above. The language of our statute is, if any person shall "receive or suffer" . . . damage to his property by reason of defect." In the interpretation which should be given to the word "property" in said section we are not restricted by any previous enactment of the General Assembly. If we should follow the method of construction adopted by the Massachusetts court in *Harwood* v. *Lowell* (*supra*), based upon the course of legislation, and hold that a new provision substituted for an old, in somewhat different terms, did not indicate an intention on the part of the legislature to change the rule of law, unless the purpose to alter the rule is clearly expressed, the position of the plaintiff is by no means weakened. The original enactment appearing in the Revision of 1844, Public Laws of Rhode Island, entitled "An Act for Mending of Highways and Bridges," is as follows: "And said town shall also be liable to all persons who may in any wise suffer injury to their persons or property by reason of such neglect." Nor in the construction of the word "property" in our statute is there occasion for the application of the maxim *noscitur a sociis*. The generic word does not follow the enumeration of particular species of property as in the statutes of Connecticut, Massachusetts and Michigan. By employing the generic word without qualification the legislative intent is apparent to confer the right of action for damages to every species of property. The legislative intent therein expressed is in accordance with reason. A duty has been imposed upon towns; for injury arising from the negligent disregard of that duty liability to private action is provided. Unless such intention is clearly expressed we should not assume that the General Assembly intended to confer the benefit of this provision upon some and withhold it from others, who may be equally damaged by a town's neglect. In the matter now under consideration the plain-

tiff's wife in her action against the town may recover not only for the injury to her person but also if she was engaged in labor for her own benefit outside of her husband's household she may recover for loss of wages. The latter element of her damage is neither "bodily injury" nor damage to tangible personal property. The loss to a husband of the valuable services of his wife in his household does not differ in kind from her loss of wages, and in many cases may constitute a much greater pecuniary injury.

(4) The word "property" used without limitation is one of broad meaning. The exclusive right to a thing constitutes property in that thing and the thing may be tangible or intangible. In speaking of the meaning of the words "property or estate" as used in our statutes concerning the rights of married women, this court in Cooney v. Lincoln, 20 R. I. 183, said: "Our statute law in our opinion uses the words estate and property in an extremely broad sense and includes choses in action as well as property in possession," and the court approved the following language of Austin in his Jurisprudence, "The word property is a term of exceedingly complex meaning, comprising a vast variety of rights." While statutes have secured to a married woman as her sole and separate property the compensation for her labor performed for persons other than her husband, the obligation still remains in the husband to furnish his wife with support including necessary medical attendance and care, and the husband is still entitled to receive the services of his wife performed in the care of his household. The right of a husband to receive the services of his wife is considered a valuable property right and for its loss in consequence of the negligent act of a third person the husband is entitled to pecuniary compensation. The right of either husband or wife to the consortium of their respective spouse, as distinguished from the right of service belonging to the husband or the right to support belonging to the wife, has been regarded as of a somewhat sentimental character. Yet this right of consortium has been treated by a number of

courts as a species of property. In *Foot* v. *Card*, 58 Conn. 1, the court said, "So far forth as the husband is concerned from time immemorial the law has regarded his right to the conjugal affection and society of his wife as a valuable property and has compelled the man who has injured it to make compensation." In speaking of the right of consortium, the court in *Jaynes* v. *Jaynes*, 39 Hun. 40, says, "These reciprocal rights may be regarded as the property of the respective parties in the broad sense of the word property which includes things not tangible or visible and implies to whatever is exclusively one's own." This view has been taken by the courts in *Warren* v. *Warren*, 89 Mich. 123; *Lockwood* v. *Lockwood*, 67 Minn. 476; *Williams* v. *Williams*, 20 Colo. 51; *Price* v. *Price*, 91 Iowa, 693. Blackstone regards the right of the husband in the company care or assistance of his wife as property but, in accordance with the illiberal view of his time, denies the existence of a reciprocal property right in the wife. 3 Bl. Comm. 143. It appears clearly upon principle and authority that the loss by the husband of the services of his wife is a damage to his property.

As to whether or not the plaintiff's expenses for the care of his wife occasioned by her injuries are to be regarded as a damage to his property is governed by the opinion of this court in *Bullowa* v. *Gladding*, 40 R. I. 147. In that case the court had under consideration the question of the survival of actions under our statute. By said statute it is provided that causes of action and actions of trespass on the case for damages to personal estate shall survive. The defendant in that case contended that by damage to personal estate was intended solely damages to some specific personal property. The court held that injury arising from false and fraudulent representations whereby the plaintiff was induced to purchase worthless stock, although it worked an injury to his estate generally and not to any specific piece of property, should be regarded as within the meaning of the statute a damage to his personal estate or

property. The principle of that case is directly applicable here and the wrongful act of said town causing this plaintiff to expend money for the care of his wife caused a damage to his property within the meaning of the provisions of the remedial statute now under consideration. We have examined the cases of *Sanford* v. *Augusta*, 32 Me. 536 and *Reed* v. *Belfast*, 20 Me. 246, and do not consider them valuable as authorities.

The defendant claimed in argument before us that it has been generally understood at the bar that an action by a husband can not be maintained against a town to recover for loss of a wife's services and for his expenses in consequence of an injury to the wife occasioned by a defective highway, and that there is no case in this State in which a recovery has been permitted for such consequential damages. In this the defendant is in error. An examination of the records of the Common Pleas Division and of the Superior Court discloses that numerous actions of that nature have been brought and as far as we are informed the question of a husband's right to maintain such action has not been questioned. Such actions have been before this court upon other questions. The case of *William Palmer* v. *J. Ellis White, City Treasurer, et al.*, numbered 16,384 in the Common Pleas Division and 20,419 in the Superior Court, was an action for the cause now under consideration. It came to this court upon a petition for new trial after a trial and decision for the defendants upon the merits of the case, and the decision of the Common Pleas Division was approved. The case of *Everett L. Tourjee* v. *John Matteson, Town Treasurer of Coventry*, reported in 34 R. I. 270, was the action of a husband for the loss of his wife's services alleged to have resulted from injury to the wife caused by a defective highway in said town of Coventry. The case was before this court upon the question of the abatement of said action because of the failure of the plaintiff to summon in the new town treasurer after the resignation of the defendant. The case of *Arthur Haley* v. *Herbert C. Calef, Town Treasurer of*

*Johnston and John Ogden, Town Treasurer of North Providence,* is reported in 28 R. I. 332. That was an action against said town treasurers jointly brought by the plaintiff to recover for loss of his wife's services and for his expenses alleged to have been caused by an injury received by the wife in consequence of the defective condition of a bridge, which said towns were required to maintain across a river which separated said towns. After verdict for the plaintiff against said defendants jointly the case came to this court on the question of whether the duty of the towns to keep said bridge in repair was a joint obligation. The case was sent back to the Superior Court for a new trial to determine in which town the alleged defect was located. Upon new trial there was a verdict fixing the defect in the town of Johnston. The case again came to this court upon exceptions taken in the course of the latter trial. Said exceptions were dismissed and the case remitted to the Superior Court with direction to enter judgment for the plaintiff. On February 18, 1918, judgment was entered in the Superior Court for the plaintiff against the town of Johnston for the sum of two hundred and twelve dollars. The existence of these cases is by no means conclusive of the matter before us but they indicate the mistake of the defendant as to the practice in actions for this cause.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Herbert Almy, Charles H. McKenna,* for plaintiff.
*Hugo A. Clason,* for defendant.