### HENRY J. DESJOURDY *vs.* MINAS MESROBIAN.

#### FEBRUARY 5, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This action is before us on certification from the Superior Court under provisions of Section 5, Chapter 348, General Laws 1923. The question of law certified is as follows: Is an action of trespass on the case brought by a husband for a loss of services of his wife and for expenses incurred in caring for her, occasioned by personal injuries inflicted on her by the alleged negligent acts of the defendant, an action for injuries to the person within the meaning of Section 1, Chapter 334, General Laws 1923?

The determination of the question depends on the interpretation of that part of said section 1 which is as follows: "Actions for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after."

In *Larisa* v. *Tiffany*, 42 R. I. 148, it was held that a husband could recover from a town for loss of services and expenses occasioned by an injury suffered by his wife in a highway under the statute which permits an action for bodily injury or damage to property by reason of a defect or want of repair in a highway. The plaintiff in the present case reasons that, the services of his wife having been determined to be a property right, the period of limitation applicable to rights of property applies rather than the period of limitation contained in said section 1. This conclusion is too broad as the legislature may provide different periods of limitations of actions for injury to different classes of property. The husband's right of action for the loss of services and expense in caring for his wife is concomitant with and dependent upon an actionable injury to her. To recover he must prove in the first instance all that his wife would have to prove in order to recover. If the plaintiff's contention is sustained, the anomalous situation arises that the main action is barred and the dependent action may be prosecuted notwithstanding. It is improbable that the legislature intended such an illogical result.

In construing a statute it is permissible to consider the reasonableness of the result of a particular interpretation.

17 R. C. L. 685. In fixing the period of limitation for actions for injury to the person, consideration was doubtless given to the increasing number of such actions and the difficulty in defending against them after the lapse of a long period of time. Witnesses may die or disappear or their memory of the facts become clouded by the passage of time. The purpose of the statute would be only partially fulfilled if the husband's right of action for loss of services, which has its origin in the injury to the wife, should not be commenced within the same period as the wife's action for the direct injury. "Because of," or, "on account of," are synonymous with the word "for"—Webster's New International Dictionary—and we think that it was in this sense that the word was used in the statute. In the following cases a statute similar to ours was construed to include the husband's right of action. *Mulvey* v. *Boston,* 197 Mass. 178; *Sharkey* v. *Skilton,* 83 Conn. 503; *Maxson* v. *R. R.,* 112 N. Y. 559; *Mullen* v. *Town of Newcastle,* 180 Ind. 386.

In *Mulvey* v. *Boston, supra,* Knowlton, C. J., said: "The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage."

For the foregoing reasons the question certified to us is answered in the affirmative.

The papers in the case with our decision certified thereon are sent back to the Superior Court for further proceedings.

*Greenough, Lyman & Cross, Harvey S. Reynolds,* for plaintiff.

*Boss & McMahon, Henry M. Boss, Jr., Francis W. Conlan,* for defendant.