[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the motion of Merrell Dow Pharmaceuticals, Inc. and Garden City Pharmacies, Inc. (hereinafter referred to as "defendants") for partial summary judgment. This motion directly addresses mother, Ellen Ferns' (hereinafter referred to as "co-plaintiff") claims for loss of consortium of her son, Paul Ferns (hereinafter referred to as ("co-plaintiff") and other related claims, except her claims for Paul's medical bills. Jurisdiction in this Court is pursuant to R.C.P. 56(d).
The following facts are not in dispute. In July 1969, co-plaintiff, Ellen Ferns, went to Dr. John Ferris, who confirmed that she was approximately two months pregnant. Approximately ten to twelve weeks into her pregnancy, she saw Dr. James Haggerty, of Dr. Ferris' office, to whom, a few days later, she would complain of nausea. At that time, Dr. Haggerty prescribed Bendectin, a drug manufactured by defendant Merrell Dow, to plaintiff. She received the prescription at her then pharmacist, Garden City Drugs, Inc.
On April 8, 1970, Ellen Ferns gave birth to a boy, Paul Aegatne (now Paul Ferns) at Kent County Hospital. Two days after Ellen Ferns brought her son home — at which time he was approximately five days old — she noticed birth defects in the form of webbed fingers on his left hand, and shortness of his left hand when compared to his right. Approximately three weeks later, Dr. George Taft, Paul Ferns' pediatrician, brought him into the Rhode Island Hospital Birth Defects Center where a doctor theorized that the Bendectin Mrs. Ferns had taken during her pregnancy presented the only hypothesis upon which he could connect Paul's present defects. No other physician has since made that connection.
On July 16, 1984, Mrs. Ferns' attorney wrote a demand letter to defendant Merrell Dow alleging damages as a result of Mrs. Ferns' ingestion of Bendectin during her pregnancy. In response, defendant Merrell Dow has denied all responsibility. Thereafter, in October of 1989, plaintiffs Ellen and Paul Ferns filed suit against Merrell Dow, Merrell Dow National Laboratories, and Garden City Pharmacies. Before this Court is defendants' motion for partial summary judgment on mother's claim for son's medical expenses and loss of consortium.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tangleridge Dev. Corp. v. Joslin, 570 A.2d 1109
(R.I. 1990). A partial summary judgment is proper where certain facts could be readily established while others should remain for determination at trial. Russo v. Cedrone, 118 R.I. 549,375 A.2d 906, 910 (1977). Pursuant to R.C.P. 56(d), ". . . Upon the trial of the action, the facts so specified (by the partial summary judgment) shall be deemed established and the trial shall be conducted accordingly."
The issue in dispute on the instant partial summary judgment motion is co-plaintiff Ellen Ferns' claim for loss of consortium. With respect to loss of consortium, R.I.G.L. 1956 (1985 Reenactment) § 9-1-41(c) in pertinent part provides:
 9-1-41. Loss of consortium — Loss of society and companionship. — (a) A married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse.
 (b) An unemancipated minor is entitled to recover damages for the loss of parental society and companionship caused by tortious injury to his or her parent.
 (c) Parents are entitled to recover damages for the loss of their unemancipated minor child's society and companionship caused by tortious injury to said minor.
 (d) Actions under this section shall be brought within the time limited under section 9-1-14 for actions for injuries to the person.
The plaintiff first argues that the above statute fails to mention consortium rights of parents and, therefore, the Court must look to the common law to determine the existence and definition of said rights. However, the plaintiff fails to take note that after the first sentence of § 9-1-41 which reads, "loss of consortium — loss of society and companionship," the statute then goes on to describe the parties entitled to recover for said loss. Parents are clearly included in subsection (c), as set forth above. This Court will interpret the statute according to its plain and ordinary meaning. Therefore this Court finds plaintiff's assertion that the statute fails to define consortium in the context of parents and children unfounded.
The plaintiff further argues that the statute specifically is deficient in that it fails to mention a parent's right to her minor child's services within the definition of consortium. Therefore, she claims that she is entitled to bring suit outside the statute. Consequently, she argues, the statute of limitations within § 9-1-41 is inapplicable.
This Court recognizes the right of a parent to services of a child. Brown v. Smith, 19 R.I. 319, 321, 33 A. 466 (1895). However, plaintiff's assertion that a claim for loss of services is outside the scope of § 9-1-41 is unfounded. Consortium has been inclusively defined in § 9-1-41 as loss of companionship andsociety of a minor child by his parent. Society is defined as "capacity for usefulness, aid and comfort . . . possessed at the time of injury." Golden v. R.L. Green Paper Co., 44 R.I. 231, 234, 116 A. 579 (1922). Therefore, § 9-1-41 does not extinguish the common law right to services but specifically provides for it in the statute through the phrase "loss of society."
As a claim for loss of services is clearly within § 9-1-41, it is thereby governed by the time limit of § 9-1-14 which is referred to within § 9-1-41(d). Section 9-1-14 provides, "[a]ctions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after." Therefore, even if the cause of action matured when plaintiff's attorney sent the letter in 1984 to Merrell Dow, the manufacturer of Bendectin, the time limit provided for by statute had nonetheless expired by 1989, the date when the suit was filed.
In addition, the plaintiff argues that an action for loss of services should not be limited by a 3 year statute of limitations applicable in injury to person cases because said loss is a property right. Plaintiff asserts that instead, § 9-1-13, the general 10 year statute of limitations for civil actions, should control.
This Court finds the above argument to be without merit. The statute, § 9-1-41(d), specifically applies § 9-1-14 to loss of consortium cases. Since loss of services is included in the statutory definition of loss of consortium and § 9-1-14 is the 3 year time limit for bringing suits involving injury to the person, the statute is obviously classifying loss of consortium as personal injury.
The courts have also rejected the classification of services as parental or spousal property in case law.
In Walden III, the court stated that it is not uncommon for economic consequences to flow from a violation of personal rights but the fact of economic loss must not cloud the true nature of the complaint which is injury to the person. Walden III, Inc. v.State of Rhode Island, 442 F. Supp. 1168, 1172 (1977). Further, in Commerce Oil, the court specifically included invasion of rights within the definition of injury to persons. Commerce OilRef. Corp. v. Miner, 98 R.I. 14, 20, 199 A.2d 606 (1964).
In arguing that the instant case is a property action the plaintiff in the case at bar erroneously relies on the classification in Larisa of a wife's services as property.Larisa v. Tiffany, 42 R.I. 148, 105 A. 739 (1919). However, the conclusion in Larisa is directly refuted by the later court inDesjourdy which states that classifying services as property would allow an action by a related party based on the same set of facts to go forward for 10 years while denying the action of the primary party because it is personal and has a 3 year limit. Such an action contravenes the legislative purpose in setting time limits. The purpose of said limits is to insure that facts and witnesses are reliable. Desjourdy v. Mesrobian, 52 R.I. 146, 147, 158 A. 719 (1932). Since both the personal and the property action above utilize the same evidence and witnesses, the problems of proof and reliability remain the same. Therefore, neither should be able to go forward in opposition to the legislative purpose stated above.
In the case at bar, the loss of the child's services by the parent are clearly due to an underlying personal injury. Whether one considers the parental right to a child's services a personal right or, as the plaintiff argues, a property right, said right exists because of the relationship between the parties. Therefore, the cause of action is dictated by the law applicable to injuries to the person and a parent's loss of the services of her child may be considered as an injury to the person. The instant case is thereby governed by § 9-1-14, the 3 year statute of limitations for such an action. Consequently, the filing of the instant action in 1989, five years after the latest date said action may have accrued in 1984, renders said action for loss of services barred by the applicable statute of limitations.
For the above reasons, the Court grants partial summary judgment for the defendants on the issue of plaintiff Ellen Ferns' loss of consortium. An appropriate order shall enter.